[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Dondero Brothers Landscaping, Inc. (Dondero Brothers), moves to strike the portion of the plaintiff's amended complaint which pertains to it.
On February 11, 1999, the plaintiff began an action against Fieldstone Valley Condominium Association, Inc. (Fieldstone), as the owner of property upon which the plaintiff claims to have fallen and sustained injury. On June 17, 1999, under the provisions of General Statutes §52-102b(a), Fieldstone brought an apportionment complaint against Dondero Brothers. On August 18, 1999, the plaintiff timely filed the amended complaint asserting a claim of negligence against Dondero Brothers, by way of § 52-102b(d).
On September 9, 1999, the apportionment defendant, Dondero Brothers, moved to strike Fieldstone's apportionment complaint on the ground that Fieldstone owed a nondelegable duty to the plaintiff to maintain the safety of its property. The trial court, L.P. Sullivan, J., agreed holding that no apportionment was available in the case, and the motion to strike the apportionment complaint was granted on January 19, 2000.
Dondero Brothers argues that because Fieldstone's apportionment complaint was legally insufficient under § 51-102b(a), the plaintiff's complaint, brought under § 51-102b(d), must fail, also.
The plaintiff and Dondero Brothers agreed at oral argument that, but for the applicability of § 52-102b(d), the action by the plaintiff against Dondero Brothers would be barred by the statute of limitations for negligence cases, General Statutes § 52-584. Consequently, the issue before the court is whether the striking of the apportionment complaint deprives the plaintiff of the exception to the usual statute of limitations created by § 52-102b(d) with respect to asserting claims against apportionment defendants.
Subsection 52-102b(d) reads:
 "Notwithstanding an applicable statute of limitation or repose, the plaintiff may, within sixty days of the CT Page 11176 return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint."
The court holds that the viability of a complaint under § 52-102b(d) is dependent upon the validity of the apportionment complaint under § 52-102b(a). Subsection 52-102b(d) only creates an exception to the statute of limitations for claims against an apportionment defendant who may share responsibility for the plaintiff's alleged injury and thereby reduce the original defendant's liability to the plaintiff. Where no sharing of responsibility can legally occur to limit the plaintiff's right to compensation from the original defendant, the purpose for allowing an exception to the effect of the statute of limitations evaporates.
Claims under § 52-102b(d) can only be asserted against an "apportionment defendant." If that party was not legally cognizable, as a matter of law, as an apportionment defendant, despite the original defendant's attempt to so label that party, § 52-102b(d) is inapplicable. The court's and the parties' research discloses no appellate level decision bearing on the issue. Two trial level decisions on point have arrived at a similar conclusion, Nemecek v. Ashford,
Superior Court, Complex Lit. at Tolland J.D., d.n. X07-CV98-70811 (June 1, 2000), Bishop, J.; and Allard v. Liberty Oil Equipment Company, Inc.,
Superior Court, Hartford J.D., d.n. CV96-562255 (March 7, 1997), Lavine,J.
Because Dondero Brothers was improperly cited, as a matter of law, as an apportionment defendant under § 52-102b(a), the plaintiff cannot resort to § 52-102b(d) to avoid the statute of limitations for negligence actions. The motion to strike is granted.
Sferrazza, J.